IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **VOLKSWAGEN GROUP OF AMERICA, INC.,** a New Jersey corporation,<br><br>     Plaintiff,<br><br>v.<br><br>**WEST COAST AUTOMOTIVE GROUP, INC.,** an Oregon corporation, and **ALI J. TARZABAN**, an individual and principal of West Coast Automotive Group, Inc.,<br><br>     Defendants. | Civil Action No. 2:25-cv-13897<br><br>Honorable: |
| Gregory D. Phillips (P80801)<br>PCFB LAW<br>50 West Broadway, Suite 300<br>Salt Lake City, UT 84101<br>Tel: (801) 935-4933<br>gdp@pcfblaw.com<br>Attorneys for Plaintiff | |

**COMPLAINT**

Plaintiff Volkswagen Group of America, Inc. ("Plaintiff" or "VWGoA")

alleges the following in support of its claims against defendants West Coast

Automotive Group, Inc. ("WCAGI") and Ali J. Tarzaban ("Tarzaban")

(collectively "Defendants"):

## NATURE OF THE ACTION

1.      This is a complaint for cyberpiracy of Lamborghini's world famous

trademark LAMBORGHINI® based upon Defendants' misappropriation and

cyberpiracy of the Internet domain name *www.lamborghiniportland.com*. This

lawsuit involves quintessential domain name cyberpiracy in violation of the

Anticybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125 *et*

*seq*.

2.      The ACPA was passed to remedy the epidemic of cyberpirates and

cybersquatters who "registered, trafficked in, or used the offending domain name

with bad-faith intent to profit from the goodwill of a mark belonging to someone

else."  Conference Report H.R. No. 106-464 (Nov. 9, 1999).  As Utah Senator

Orrin Hatch observed in drafting and supporting passage of the Cyberpiracy Act:

> Mr. President, today the Senate considers legislation to address the serious
> threats to American consumers, businesses, and the future of electronic
> commerce, which derive from the deliberate, bad-faith registration of Internet
> domain names in violation of the rights of trademark owners.  For the Net-
> savvy, this burgeoning form of cyber-abuse is known as "cybersquatting."  For
> the average consumer, it is simply fraud, deception, and the bad-faith trading
> on the goodwill of others.

Congressional Record–Senate, August 5, 1999, S10515.

3.      Plaintiff seeks an injunction transferring *lamborghiniportland.com*

and any other domain names misappropriating the trademark LAMBORGHINI®

to Plaintiff, along with an award of damages, statutory damages, and Plaintiff's attorney fees and costs.

## THE PARTIES

4.      Plaintiff Volkswagen Group of America, Inc. is a New Jersey corporation with a principal place of business in Auburn Hills, Michigan. VWGoA is the exclusive U.S. importer of cars manufactured by Automobili Lamborghini S.p.A., and VWGoA is tasked with the responsibility of protecting the trademarks of Automobili Lamborghini S.p.A. in the United States. Plaintiff is sometimes referred to hereafter as "Lamborghini."

5.      Defendant West Coast Automotive Group, Inc. is an Oregon corporation with its principal place of business in Portland, Oregon. ("WCAGI")

6.      Defendant Ali J. Tarzaban is an individual and principal of defendant WCAGI, and is a moving, conscious, and active force behind the unlawful cyberpiracy acts alleged herein, and, upon information and belief, actively participated in and approved the unlawful acts of cyberpiracy.  Plaintiff is informed and believes that defendant Tarzaban resides in the Portland, Oregon area.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 (relating to "federal question" jurisdiction ), 28 U.S.C. §1338(a)

(relating to actions arising under Federal Trademark Laws), and Section 39 of the Lanham Act, 15 U.S.C. § 1121 (giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy).

8.      This Court has personal jurisdiction over Defendants because Defendants conduct business and have engaged in unlawful conduct causing harm and damage in this State.

9.      Venue is proper under 28 U.S.C. § 1391 in this Judicial District.

## FACTUAL BACKGROUND

*Lamborghini's Trademark Rights*

10.      The Lamborghini brand is one of the most successful automobile brands in the entire world and Lamborghini is known throughout the entire world by its famous trademark LAMBORGHINI®.

11.      Lamborghini has obtained several trademark registrations in the United States for the trademark LAMBORGHINI®.

12.      Lamborghini has expended many millions of dollars in advertising, promoting, enforcing, and developing the trademark LAMBORGHINI® throughout the world.  As a result of such advertising and expenditures, Lamborghini has established immeasurable goodwill in LAMBORGHINI®, which is among the most well-known and valuable trademarks in the world.

13.    The trademark LAMBORGHINI® is inherently distinctive and has

acquired distinctiveness as a result of the use and promotion of the trademark

worldwide.

14.    VWGoA, Lamborghini, and its authorized dealers operate numerous

websites using domain names that incorporate the trademark LAMBORGHINI®

such as *www.lamborghini.com, www.lamborghiniusa.com,*

*www.lamborghinidallas.com, www.lamborghiniboston.com,* and

*www.lamborghinisaltlakecity.com.*

*Defendants' Unlawful Cyberpiracy*

15.    Subsequent to Lamborghini's development and use of the trademark

LAMBORGHINI®, and subsequent to Lamborghini's registration of the same, and

without the consent of Lamborghini or its predecessors, Defendants pirated and

cybersquatted on domain names incorporating the trademark LAMBORGHINI®.

16.    Defendants are in no way affiliated with, authorized, or sponsored by

Lamborghini and have no authority to misappropriate or use the trademark

LAMBORGHINI®.

17.    Defendants' cyberpiracy and cybersquatting of

*lamborghiniportland.com* prevents authorized Lamborghini dealers in the Portland,

Oregon area from using *lamborghiniportland.com* to identify their authorized

Lamborghini dealerships.

18.    Defendants use or have used the domain name

*lamborghiniportland.com* to redirect Internet users to their website at *westcoast-*

*autogroup.com* where Defendants have unlawfully used counterfeits of the

trademark LAMBORGHINI® and other world-famous trademarks enforced by

VWGoA such as Audi as depicted below:



19.    Upon information and belief, Defendants have pirated and

cybersquatted other domain names that incorporate the trademarks of other world-

famous automobile manufacturers.

20.    Counsel for Plaintiff has sent Cease and Desist correspondence to Defendants regarding any and all domain names that incorporate or misappropriate the trademark LAMBORGHINI®, and Defendants have refused to transfer *lamborghiniportland.com*.  Thus, Defendants intentionally and willfully continue to misappropriate the trademark LAMBORGHINI® with actual knowledge of Lamborghini's prior adoption and use of the trademark LAMBORGHINI®. Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton.

## FIRST CLAIM FOR RELIEF
### (CYBERPIRACY)

21.    Plaintiff re-alleges and incorporates herein the allegations contained above.  Defendants' actions evidence a bad faith intent to profit from the registration and/or use of the trademark LAMBORGHINI® in Internet domain names.

22.    Defendants have registered, trafficked in, and/or used a trademark that was famous at the time of registration of the domain name and was identical or confusingly similar to or dilutive of the trademark LAMBORGHINI®.

23.     Plaintiff is entitled to an injunction requiring Defendants to disclose

all domain names that incorporate the trademark LAMBORGHINI®, or

confusingly similar marks, ordering Defendants to transfer all such domain names

to Plaintiff, and enjoining Defendants from misappropriating the trademark

LAMBORGHINI® in the future in Internet domain names.

24.     In addition, Plaintiff is entitled to damages, including statutory

damages in the amount of $100,000.00 per domain name and its costs and attorney

fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     That Defendants, and all of their agents, servants, employees, and

attorneys, and all other persons in active concert or participation with them who

receive actual notice of the injunction, be temporarily, preliminarily, and

permanently enjoined as follows:

(a)     That Defendants be enjoined from registering, maintaining

registrations for, using, offering for sale, claiming ownership of, or in any other

way using any domain names that use names, words, designations, or other

symbols confusingly similar to the trademark LAMBORGHINI®;

(b)     That Defendants be ordered to disclose to the Court and to Plaintiff all

other domain name registrations directly or indirectly owned or registered by

Defendants in order to permit the Court and Plaintiff to consider whether any such

other registration should be transferred to Lamborghini or be subject to other relief

in this matter; and

(c)      That Defendants be ordered to transfer to Plaintiff the registrations for

*lamborghiniportland.com* and any other domain names that use names, words,

designations, or other symbols confusingly similar to the trademark

LAMBORGHINI®.

2.      That Plaintiff be awarded damages in an amount to be determined at

trial based on Defendants' cyberpiracy including statutory damages in the amount

of $100,000.00 per domain name.

3.      For an order directing that Defendants file with the Court and serve

upon Lamborghini's counsel within thirty (30) days after entry of such judgment, a

report in writing under oath, setting forth in detail the manner and form in which

Defendants has complied with the above.

4.      For an award of Plaintiff's costs and disbursements incurred in this

action, including Plaintiff's reasonable attorney fees.

5.      For an award of interest, including pre-judgment interest on the

foregoing sums.

6.     For such other and further relief as the Court may deem just and proper.

DATED:  December 3, 2025.

PCFB LAW

By /S/   GREGORY D. PHILLIPS
Gregory D. Phillips
Attorneys for Plaintiff
VOLKSWAGEN GROUP OF
AMERICA, INC.